UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | * | |
| SHAWN DONOVAN and CLAIRE DONOVAN, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:22-cv-11462-IT |
| | * | |
| HON. KIMBERLY DRISCOLL, *Individually and in her official capacity as Mayor of Salem, Massachusetts* AND OTHERS KNOWN AND UNKNOWN, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

October 26, 2022

TALWANI, D.J.

On or about August 15, 2022, Plaintiffs Shawn Donovan and Claire Donovan filed the Verified Complaint [Doc. No. 1-3] in Essex Superior Court against Defendants Hon. Kimberly Driscoll, individually and in her capacity as Mayor of Salem, Massachusetts, and defendants known and unknown, alleging constitutional and tort claims related to the installation of parking meters in front of Plaintiffs' property. On September 9, 2022, Driscoll removed the case based on federal question subject matter jurisdiction. Not. of Removal [Doc. No. 1]. On September 12, 2022, Plaintiffs filed their Motion to Remand to State Court [Doc. No. 4], which Driscoll opposes, see Opp. [Doc. No. 5].

"[T]he removing party bears the burden of persuasion vis-à-vis the existence of federal jurisdiction." BIW Deceived v. Loc. S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997). "[W]henever the subject matter

of an action qualifies it for removal, the burden is on a plaintiff to find an express exception."
Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 698 (2003). "When a civil action is
originally filed in state court, removal to federal court is proper only if the action could have
initially been brought in federal court." Ortiz-Bonilla v. Federacion de Ajedrez de Puerto Rico,
Inc., 734 F.3d 28, 34 (1st Cir. 2013); see 28 U.S.C. § 1441(a). The Supreme Court "has
established that a district court properly exercises jurisdiction under [28 U.S.C.] Section 1331
when a plaintiff's complaint is based on a right conferred under federal law." Templeton Bd. of
Sewer Comm'rs. v. Am. Tissue Mills of Massachusetts, Inc., 352 F.3d 33, 36 (1st Cir. 2003).
"Whether a claim arises under federal law is determined under the well-pleaded complaint rule"
in which "'[the jurisdictional question] must be determined from what necessarily appears in the
plaintiff's statement of his own claim in the bill or declaration,' without reference to any other
pleadings." Id. (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10
(1983)). "A federal court that exercises federal question jurisdiction over a single claim may also
assert supplemental jurisdiction over all state-law claims that arise from the same nucleus of
operative facts." BIW Deceived, 132 F.3d at 833.

 Driscoll removed the action to this court based on original federal jurisdiction under 42
U.S.C. § 1983 and supplemental jurisdiction under 28 U.S.C. 1367(a). Plaintiffs' Verified
Complaint [Doc. No. 1-3] alleges due process and equal protection violations under the United
States Constitution and the Commonwealth Declaration of Rights. Removal is proper where the
court has federal subject matter jurisdiction under 28 U.S.C. § 1331 arising from alleged
constitutional violations. Further, to the extent that Plaintiffs raise state law claims related to
Defendants' installation of the parking meters, including those arising from tort and

Massachusetts civil rights and consumer law, the court finds that those claims are part of the same case or controversy as the federal claims such that supplemental jurisdiction is proper.

For the foregoing reasons, Plaintiffs' Motion to Remand [Doc. No. 4] is DENIED.

IT IS SO ORDERED.

October 26, 2022                                    /s/ Indira Talwani
                                                   United States District Judge